UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Lori Carrier and
Valerie Whitman

    v.                                Civil No. 05-cv-430-JD

American Bankers Life
Assurance Co. of Florida

O R D E R

     Lori Carrier and Valerie Whitman filed a putative class action in which they allege that American Bankers Life Assurance Company of Florida breached its insurance contracts with them and other members of the putative class by failing to refund unearned portions of premiums that were prepaid as a part of their vehicle financing.  The plaintiffs move to have their counsel appointed as interim class counsel under Federal Rule of Civil Procedure 23(g)(2)(A).  American Bankers objects to the motion.

     Rule 23(g)(2)(A) provides that "[t]he court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action."  Although the rule does not provide a standard for determining whether interim counsel should be appointed, courts that have construed it have relied on the Advisory Committee Notes accompanying the rule which limit its use to circumstances when interim counsel is necessary to protect the interests of the putative class.  See, e.g., Parkinson v. Hyundai Motor Am., 2006 WL 2289801 at *2 (C.D. Cal. Aug. 7, 2006); Donaldson v. Pharmacia

Pension Plan, 2006 WL 1208582 at *1 (S.D. Ill. May 10, 2006). The need to protect the interests of the putative class arises when it is necessary to have one attorney to prepare for the class certification decision, to prepare or respond to other motions before class certification, to discuss settlement before certification, or to resolve rivalry or uncertainty among competing counsel or law firms.  In re Issuer Plaintiff Initial Pub. Offering Antitrust Litig., 234 F.R.D. 67, 69-70 (S.D.N.Y. 2006).

Carrier and Whitman assert that appointment of interim class counsel is necessary to facilitate pre-certification discovery and communication with putative class members and to avoid jurisdictional issues caused by multiple cases involving different counsel.  American Bankers contends that interim counsel is unnecessary because none of the factors that would support such an appointment are present here.  In support of its objection, American Bankers represents that no other cases similar to this one are pending against it here or in other jurisdictions.  In the absence of multiple counsel in this case or similar cases filed here or in other jurisdictions, the second reason offered by the plaintiffs does not appear to apply here.

The first reason offered by Carrier and Whitman, the need to designate interim counsel to facilitate discovery and communications with putative class members, could be persuasive if it were more fully developed.  They have not, however,

provided any concrete examples of circumstances in this case under which a designated interim counsel would be advantageous for the putative class.  They also represent that discovery is appropriate without the designation of interim counsel.

In light of American Bankers's objection to the appointment of interim counsel at this time and the barebones request filed by the plaintiffs, the motion is denied, without prejudice to file a fully supported motion for appointment of interim counsel if that becomes necessary and appropriate.

## Conclusion

For the foregoing reasons, the plaintiffs' motion to appoint interim class counsel (document no. 29) is denied without prejudice.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

October 19, 2006

cc:   Frank Burt, Esquire
      James Butler, Esquire
      Kate S. Cook, Esquire
      Wilbur A. Glahn, III, Esquire
      Farrokh Jhabvala, Esquire
      Edward K. O'Brien, Esquire
      Joel O. Wooten, Jr., Esquire