UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Lori Carrier and
Valerie Whitman

    v.                              Civil No. 05-cv-430-JD

American Bankers Life
Assurance Co. of Florida


O R D E R

    Lori Carrier and Valerie Whitman filed a putative class action, alleging that American Bankers Life Assurance Company of Florida breached the terms of its credit insurance policies with them and other putative class members when it failed to refund the unearned portion of premiums that had been prepaid as part of their vehicle financing.  Carrier and Whitman move to strike American Banker's expert disclosure and to bar the testimony of American Banker's expert, Robert Wilcox.  American Bankers objects to the motion.


Standard of Review

    Expert witness testimony is admissible if the testimony will assist the jury, if the witness is qualified, "if the testimony is based on sufficient facts or data, [if] the testimony is the product of reliable principles and methods, and [if] the witness has applied the principles and methods reliably to the facts of

the case." Fed. R. Evid. 702.  To assist the jury, the testimony must be relevant in the sense that the opinion "likely would assist the [factfinder] to understand or determine a fact in issue." Ruiz-Troche v. Pepsi Cola of P.R. Bottling Co., 161 F.3d 77, 81 (1st Cir. 1998).  To be qualified, the expert must have sufficient background and possess "specialized knowledge that 'will assist the trier of fact to understand the evidence or to determine a fact in issue.'" Crowe v. Marchand, --- F.3d ---, 2007 WL 3037990 at *2 (1st Cir. Oct. 19, 2007).  The party offering expert witness evidence bears the burden of establishing that the expert is qualified to give the opinion and that the opinion to be offered is both reliable and relevant within the meaning of Rule 702.  See Corwin v. Walt Disney Co., 475 F.3d 1239, 1250 (11th Cir. 2007); United States v. Vargas, 471 F.3d 255, 265 (1st Cir. 2006); Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 757-58 (8th Cir. 2006); Pride v. BIC Corp., 218 F.3d 566, 578 (6th Cir. 2000).

"In our legal system, purely legal questions . . . [are] exclusively the domain of the judge." Nieves-Villanueva v. Soto-Rivera, 133 F.3d 92, 99 (1st Cir. 1997).  An expert witness's opinions on legal standards or principles are generally inadmissible. Id.  Therefore, "[a] district court has broad discretion to exclude expert opinion evidence about the law that

would impinge on the roles of the judge and the jury."  Pelletier v. Main St. Textiles, LP, 470 F.3d 48, 54 (1st Cir. 2006); N. Heel Corp. v. Compo Indus., Inc., 851 F.2d 456, 468 (1st Cir. 1988).

## Discussion

Carrier and Whitman contend that Robert Wilcox's expert report is insufficient, that his opinions about the law and legal standards are inadmissible, and that he is not qualified to give legal opinions.  American Bankers responds that because it anticipates that the case will be tried to the court, rather than to a jury, Wilcox's opinions will be helpful and are not likely to cause confusion.  American Bankers also defends Wilcox's opinions as being based on his experience in the insurance industry.

In his expert report, presented as a declaration, Robert Wilcox states that he is an actuary, that he served as insurance commissioner in Utah for four years, that he has been active in the National Association of Insurance Commissioners, and that he has provided consulting services in the insurance industry.  He states that he is "familiar with the administrative and regulatory aspects of credit life and disability insurance."  Decl. ¶ 6.  He purports to explain the legal requirements of

state law for credit insurance policies, quoting or summarizing the laws of New Hampshire, Idaho, Kansas, Maine, Massachusetts, Michigan, New Jersey, North Dakota, Ohio, Oregon, Rhode Island, Texas, and Montana.  He also reviewed sample insurance agreements and provides his interpretation of those agreements.  He concludes that "[l]aws of the various jurisdictions will cause variations in the ability of American Bankers to delegate responsibility to motor vehicle dealer/creditors and also variations in the ability of American Bankers to monitor practices of motor vehicle dealer/creditors."  Id. ¶ 8(h).

Wilcox, who is an actuary and not a lawyer and who served as insurance commissioner only in Utah, provides no basis for his asserted expertise in the laws of the various states he discusses.  Even if he were qualified to give the opinions he provides, which does not appear to be the case, those opinions merely parrot the law, which is the province of the court. Therefore, Wilcox's opinions will not assist the court in deciding the class certification issues or the ultimate liability issues in this case and are excluded.

Conclusion

For the foregoing reasons, the plaintiffs' motion to exclude the opinions of the defendant's expert witness, Robert Wilcox, (document no. 48) is granted.

SO ORDERED.

*[signature: Joseph A. DiClerico, Jr.]*
Joseph A. DiClerico, Jr.
United States District Judge

October 25, 2007

cc:   Dustin T. Brown, Esquire
      Frank Burt, Esquire
      James E. Butler, Jr., Esquire
      Kate S. Cook, Esquire
      Jason Lance Crawford, Esquire
      J. Clay Fuller, Esquire
      Wilbur A. Glahn, III, Esquire
      Farrokh Jhabvala, Esquire
      Edward K. O'Brien, Esquire
      Joel O. Wooten, Jr., Esquire